UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CARPENTERS HEALTH AND WELFARE TRUST FUND FOR CALIFORNIA, *et al.*, <br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ACOUSTICTEC,<br><br>　　　　Defendant.<br>_____/ | No. C-08-1137 EMC<br><br>**ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE** |

　　　Plaintiffs are the Board of Trustees for various employee trust funds and Carpenters 46 Northern California Counties, a union. They have filed suit against Defendant Acoustictec, asserting the following claims: (1) a petition to confirm an arbitration award, (2) an audit, (3) breach of contract, (4) breach of fiduciary duty, and (5) an injunction. After Acoustictec failed to respond to the complaint, the Clerk of the Court entered its default, *see* Docket No. 28 (notice of entry of default), and thereafter Plaintiffs filed the currently pending motion for default judgment. Having considered Plaintiffs' motion and accompanying submissions, the Court hereby orders that they provide supplemental briefing and/or evidence as described below.

　　　The supplemental papers shall be filed and served on Acoustictec within two weeks of the date of this order. In addition, Plaintiffs are ordered to serve a copy of this order on Acoustictec within three days of the date of this order.

///

///

///

A. <u>Service of Process</u>

As a preliminary matter, the Court has concerns about the adequacy of service of process. Acoustictec appears to be a corporation. Federal Rule of Civil Procedure 4(h) governs service of process on corporations. It provides that a corporation may be served, *inter alia*, pursuant to the law of the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(h)(1)(A) (referring to service under Rule 4(e)(1), which provides for service pursuant to state law). In this case, the state where this Court is located and where service was made is the same -- *i.e.*, California.

Under California law, service of process on corporations is governed by the California Code of Civil Procedure. Under § 416.10 of the Code, a corporation may be served by delivering a copy of the summons and complaint to, *e.g.*, "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10(b).

Under § 415.20(a) of the Code, a corporation may also be served by substituted service instead of by personal delivery. Section 415.20(a) provides:

> In lieu of personal delivery of a copy of the summons and complaint to the *person to be served* as specified in Section 416.10 . . . , a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid *to the person to be served* at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(a) (emphasis added).

While substituted service is, as a general matter, an easier form of service compared to personal delivery, it is not free of limitations. For example, substituted service on a corporation must still be made on a "person to be served as specified in Section 416.10" -- *e.g.*, the president, general manager, or other person authorized to accept service of process. This requirement is not to be undertaken lightly as indicated by the state appellate court in *Dill v. Berquist Construction Co.,*

1 *Inc.*, 24 Cal. App. 4th 1426 (1994).  There, the court was addressing a different service-of-process
2 statute -- *i.e.*, California Code of Civil Procedure § 415.40, and not § 415.20(b) -- but there is no
3 principled reason why the analysis in *Dill* is not applicable when service is conducted pursuant to
4 the latter statute instead of the former.

5       Section 415.40 is the statute governing service of process outside the state.  Under the
6 statute, "[a] summons may be served on a person outside this state in any manner provided by this
7 article or by sending a copy of the summons and of the complaint to the person to be served by
8 first-class mail, postage prepaid, requiring a return receipt."  Cal. Code Civ. Proc. § 415.40.  The
9 court in *Dill* noted that, under § 415.40, the summons and complaint had to be mailed "*to a person*
10 *to be served* on behalf of the corporation, *i.e.*, to one of the individuals specified in section 416.10."
11 *Dill*, 24 Cal. App. 4th at 1436 (emphasis added).  The court found that the plaintiff did not strictly
12 comply with § 415.40 because he "did not mail the summons to any individual at all, but rather to
13 the corporate defendants themselves."  *Id.*  While the plaintiff could have substantially complied
14 with the statute "if, despite his failure to address the mail to one of the persons to be served on
15 behalf of the defendants, the summons was actually received by one of the persons to be served," *id.*
16 at 1437, there was insufficient evidence that the person who received the summons was one of the
17 individuals specified in § 416.10.  *See id.* at 1437-39 ("[T]he mere fact that some employee of the
18 corporation received the summons does not establish substantive compliance.  Rather, there must be
19 evidence 'establishing actual delivery to the person to be served . . . .'").

20       In the instant case, the Court has concerns about the adequacy of service of process because
21 it is not clear that there was ever service on a *person* qualified to accept service on behalf of
22 Acoustictec.  *See* Cal. Code Civ. Proc. § 416.10.  The proof of service submitted by Plaintiffs
23 indicates that the summons and complaint were left with a person apparently in charge of
24 (presumably) the Acoustictec office and thereafter mailed to Acoustictec at the same office.  *See*
25 Docket No. 4 (proof of service).  There is no indication that the summons and complaint were
26 directed to a specific person at Acoustictec authorized to accept service (*i.e.*, an individual listed in
27 Cal. Code of Civ. Proc. § 416.10) rather than Acoustictec generally as an entity.

28

1    The Court therefore orders Plaintiffs to provide supplemental briefing and/or evidence as to
2 whether service of process was proper in the instant case.

3 B.     Dispute Subject to Arbitration

4    In addition, the Court has concerns as to whether or not Acoustictec agreed to arbitrate any
5 dispute with the union. An arbitration provision is contained in the Carpenters Master Agreement.
6 *See* Compl., Ex. A (Master Agreement § 51). However, Acoustictec did not sign the Carpenters
7 Master Agreement. Rather, it signed the Memorandum Agreement. *See* Compl., Ex. B
8 (Memorandum Agreement). Plaintiffs' position seems to be that Acoustictec "became subject to all
9 the terms and conditions of the [Carpenters] Master Agreement by virtue of signing [the
10 Memorandum Agreement] . . . which incorporated by reference the [Carpenters] Master
11 Agreement." Compl. ¶ V. However, it is not clear that the Memorandum Agreement incorporated
12 all of the terms and conditions of the Carpenters Master Agreement. The Memorandum Agreement
13 states only that "the individual employer or association agrees to comply with all *wages, hours, and*
14 *working conditions* set forth in the [Carpenters Master Agreement]." Compl., Ex. B (Memorandum
15 Agreement) (emphasis added). This is not necessarily the same thing as an agreement to comply
16 with all the terms and conditions of the Carpenters Master Agreement. An Agreement to arbitrate is
17 not necessarily a "working condition." Notably, the provision quoted above contrasts with another
18 provision in the Memorandum Agreement which states that, under certain circumstances, the
19 individual employer or association agrees to "comply with all wages, hours, *terms and conditions* of
20 the . . . Millmen's Master Agreement." Compl., Ex. B (Memorandum Agreement) (emphasis
21 added). The Millmen's Master Agreement reference is not limited to "working conditions," but that
22 Agreement does not appear to be at issue in this case, at least not based on the allegations in the
23 complaint.

24    Accordingly, the Court orders that Plaintiffs provide supplemental briefing and/or evidence
25 to establish that Acoustictec agreed to arbitration of a dispute concerning trust fund contributions for
26 the trust funds at issue. If Plaintiffs are not able to establish arbitrability, then they will still have a
27 judicial forum available but then the Court will likely require Plaintiffs to provide supplemental
28

4

briefing and/or evidence to establish entitlement to judgment on the merits as well as the damages they sustained, and any other relief requested.

C.      Right to Conduct an Audit

In their complaint and motion for default judgment, Plaintiffs ask for not only confirmation of the arbitrator's decision but also the right to conduct an audit and obtain additional relief once the audit is concluded (*e.g.*, unpaid contributions).  It is not clear to the Court whether Plaintiffs are simply asking for confirmation of the arbitrator's award -- which includes the right to conduct an audit and obtain additional relief -- or whether Plaintiffs are seeking relief *beyond* what the arbitrator ordered.  If the latter, then it is not clear how the Court would have jurisdiction if any dispute between the parties is subject to the arbitration provision.

The Court thus orders Plaintiffs to address these issues of jurisdiction and/or duplicative relief.

IT IS SO ORDERED.

Dated:  May 12, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

5