1  BARRY E. HINKLE, Bar No. 071223
   KRISTINA L. HILLMAN, Bar No. 208599
2  KRISTINA M. ZINNEN, Bar No. 245346
   WEINBERG, ROGER & ROSENFELD
3  A Professional Corporation
   1001 Marina Village Parkway, Suite 200
4  Alameda, California 94501-1091
   Telephone (510) 337-1001
5  Fax (510) 337-1023

6  Attorneys for Plaintiffs

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  THE BOARD OF TRUSTEES OF THE            )   No.  C 08-01137-EMC
    CARPENTERS HEALTH AND WELFARE           )
12  TRUST FUND FOR CALIFORNIA;              )
    CARPENTERS VACATION-HOLIDAY TRUST)          **PLAINTIFFS' RESPONSE TO**
13  FUND FOR NORTHERN CALIFORNIA;           )   **ORDER RE SUPPLEMENTAL**
    CARPENTERS PENSION TRUST FUND FOR       )   **BRIEFING AND EVIDENCE**
14  NORTHERN CALIFORNIA; CARPENTERS         )
    ANNUITY TRUST FUND FOR NORTHERN         )
15  CALIFORNIA; and CARPENTERS TRAINING     )
    TRUST FUND FOR NORTHERN                 )
16  CALIFORNIA, and CARPENTERS 46           )
    NORTHERN CALIFORNIA COUNTIES            )
17  CONFERENCE BOARD for itself and on behalf )
    of NORTHERN CALIFORNIA CARPENTERS       )
18  REGIONAL COUNCIL                        )
                                            )
19          Plaintiffs,                     )
                                            )
20      v.                                  )
                                            )
21  ACOUSTICTEC, A California Corporation,  )
                                            )
22          Defendant.                      )
                                            )
23  _____ )

24

25

26

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

# I.   INTRODUCTION

In light of the Motion for Default Judgment by Court filed on March 18, 2009 by Plaintiff

BOARD OF TRUSTEES OF THE CARPENTERS HEALTH AND WELFARE TRUST FUND

FOR CALIFORNIA; CARPENTERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN

CALIFORNIA; CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA;

CARPENTERS ANNUITY TRUST FUND FOR NORTHERN CALIFORNIA; and CARPENTERS

TRAINING TRUST FUND FOR NORTHERN CALIFORNIA, and CARPENTERS 46

NORTHERN CALIFORNIA COUNTIES CONFERENCE BOARD for itself and on behalf of

NORTHERN CALIFORNIA CARPENTERS REGIONAL COUNCIL's (hereinafter "Plaintiffs"),

the Court requested supplemental briefing on three specific questions:  1) whether service of process

was proper; 2) whether Defendant ACOUSTICTEC (hereinafter "Defendant") agreed to arbitration

of a dispute concerning trust fund contributions for the trust funds at issue; and 3) whether Plaintiffs

are seeking relief beyond what the Arbitrator Gerald McKay ordered in his Arbitration Award issued

on April 11, 2007 for Grievance # 07-035 (hereinafter "Arbitration Award"), and if so, whether the

Court would have jurisdiction if any dispute between the parties is subject to the arbitration

provision.  Plaintiffs address these issues in order below.

# II.   ARGUMENT

**A.    SERVICE OF PROCESS WAS PROPER BECAUSE PLAINTIFFS SERVED
ACOUSTICTEC BY SUBSTITUTED SERVICE ON THE PERSON AUTHORIZED
TO ACCEPT SERVICE OF PROCESS.**

The Court raised concerns about the adequacy of service of process because it was not clear

from the original proof of service filed with the Court (Docket No. 4) that there was service on a

person qualified to accept service on behalf of Defendant.  Subsequent to the filing of the original

proof of service, Plaintiffs filed a Declaration of Diligence (Docket No. 26) with a Supplemental

Declaration in support of Request for Entry of Default (Docket No. 27) to address the Court's

concerns.

As demonstrated therein, Defendant was properly served with Plaintiffs' Petition to Confirm

Arbitration Award and Complaint for Audit, Breach of Contract, Damages, Breach of Fiduciary

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

1

PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

1   Duty, and Injunction (hereinafter "Petition and Complaint") by substituted service on Edward Jones,

2   Jr., the registered agent for service of process, on March 10, 2008, pursuant to Federal Rule of Civil

3   Procedure 4(e) and California Code of Civil Procedure section 415.20(b).  (Declaration of Diligence,

4   Docket No. 26.)  The process server thereafter mailed the Petition and Complaint to Edward Jones,

5   Jr. on March 12, 2008, for which service was deemed complete under CCP 415.20(b) on March 22,

6   2008, and for which proofs of service were filed before this Court with the Summons on March 24,

7   2008, and for which a Declaration of Diligence was filed with this Court on January 16, 2009.

8   (Proof of Service, Docket No. 4; Declaration of Diligence, Docket No. 26.)  Therefore, service of

9   process on Defendant was proper.

10  **B.     DEFENDANT AGREED TO ARBITRATE THE DISPUTE BECAUSE THE**
       **MEMORANDUM AGREEMENT BOUND DEFENDANT TO THE MASTER**
11     **AGREEMENT, WHICH INCLUDED AN AGREEMENT TO ARBITRATE AS A**
       **WORKING CONDITION.**
12

13           The Court raised concerns about whether the Memorandum Agreement incorporated all of

14  the terms and conditions of the Master Agreement.  Specifically, the Court sought clarification that

15  by signing the Memorandum Agreement, Defendant agreed to be bound by the arbitration provisions

16  of the Master Agreement.

17           By signing the Memorandum Agreement, Defendant agreed to be bound to all terms and

18  conditions of the Master Agreement.  The Memorandum Agreement provides that Defendant agreed

19  "to comply with all wages, hours, and working conditions set forth in the Carpenters Master

20  Agreement" and incorporated the Master Agreement by reference.  (Memorandum Agreement,

21  Docket No. 33-3.)  In multi-employer bargaining, when an employer signs a Memorandum

22  Agreement, commonly referred to as a "me-too" agreement, the employer becomes bound to all

23  terms and conditions of the master agreement, usually negotiated between the Union and a contractor

24  association or other multi-employer association.  Arizona Laborers, Teamsters and Cement Masons

25  Local 395 Health and Welfare Trust Fund v. Conquer Cartage Co., 753 F.2d 1512, 1514 (9th Cir.

26  1985); Eldredge v. Carpenters 46 Northern California Counties Joint Apprenticeship and Training

27  Committee, 440 F.Supp. 506, 511 n2 (N.D.Cal. 1977) ("Individual employers neither participate in

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

2

PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

1  negotiations nor sign these [master] agreements.  Instead, they sign brief Memorandum Agreements

2  by which they agree to comply with a master agreement.”); Carpenters Local Union No. 1478 v.

3  Stevens, 743 F.2d 1271, 1273-1274 (9th Cir. 1984).

4       An agreement to arbitrate is a working condition because it is a mandatory subject of

5  bargaining.  Section 8(d) of the National Labor Relations Act directs bargaining parties to “confer in

6  good faith with respect to wages, hours, and other terms and conditions of employment.”  29 U.S.C.

7  § 158(d).  The National Labor Relations Board has divided legal bargaining subjects into two

8  categories:  mandatory and permissive.  Mandatory bargaining subjects are those concerning wages,

9  hours, and other terms and conditions of employment.  NLRB v. Borg-Warner Corp., 356 U.S. 342

10 (1958).

11      It is well established that an agreement to arbitrate is a mandatory subject of bargaining, and

12 thus a “working condition.”  NLRB  v. Montgomery Ward & Co., 133 F.2d 676 (9th Cir. 1943);.

13 See also, TruServ Corp. v. NLRB, 254 F.3d 1105 (D.C. Cir. 2001); Star Expansion Indus. Corp. v.

14 NLRB, 409 F.2d 150 (D.C. Cir. 1969); NLRB v. Davison, 318 F.2d 550 (4th Cir. 1963); NLRB v.

15 Knoxville Publishing Co., 124 F.2d 875 (6th Cir. 1942).  The protection of a grievance and

16 arbitration procedure, including the right to have a collective organization challenge any wrongs

17 done to one member of an organization, is perhaps the most fundamental “working condition” that

18 sets the Union employee apart from the unorganized employee.

19      In Operating Engineers Local 150 v. Flair Builders, Inc., 406 U.S. 487, 491-492 (1972), the

20 U.S. Supreme Court held that an employer had entered into an enforceable agreement to arbitrate by

21 virtue of signing a memorandum agreement binding the employer to a master agreement.  Here,

22 Section 51 of the Master Agreement required the parties to arbitrate their disputes.  (Master

23 Agreement, Docket No. 33-2.)  By virtue of the terms and conditions of the Master Agreement, the

24 parties agreed that an arbitrator ’s decision would be final and binding on all parties.  Thus, the

25 Arbitration Award should be confirmed in its entirety, as the parties agreed that their disputes would

26 be resolved through arbitration.

27

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

3
PLAINTIFFS’ RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

**C.    PLAINTIFFS HAVE THE RIGHT TO CONDUCT AN AUDIT PURSUANT TO THE ARBITRATOR'S DECISION AND THE MASTER AGREEMENT, AND ARE NOT SEEKING RELIEF BEYOND WHAT THE ARBITRATOR ORDERED.**

Plaintiffs' Petition and Complaint seek an audit of Defendant's books and records for the period of February 10, 2005 through the date of audit entry pursuant to the Arbitrator's Decision and the Master Agreement.  The Court requested clarification about whether Plaintiffs are simply asking for confirmation of the arbitrator's award, which includes the right to conduct an audit and obtain additional relief, or whether Plaintiffs are seeking relief beyond what the arbitrator ordered. Plaintiffs' request for audit for the period of February 10, 2005 through the date of audit entry does not seek relief beyond what the arbitrator ordered.

The Arbitrator's Award ordered the Employer to submit to an audit:

> The Employer shall forthwith submit to an audit of all of its books and records by representatives of the Northern California Carpenters Trust Funds from February 10, 2005 through date of audit entry in order to determine the amount of wages and fringe benefits due, if any, and to whom they may be due.  For purposes of this Award, the amount of wages due shall be based upon the number of hours worked for which Trust Fund contributions are deemed to be due the Carpenters Trust Funds by the auditors.

> The books and records which must be submitted to the auditors are all those referred to in Section 21 of the Carpenters Master Agreement and the records referred to in Article IV, Section 7, of the Carpenters Health and Welfare Trust Agreement; Article IV, Section 6, of the Carpenters Pension Trust Agreement; Article IV, Section 6 of the Carpenters Vacation and Holiday Trust Agreement; Article IV, Section 6, of the Carpenters Annuity Trust Agreement; and Article IV, Section 6, of the Carpenters Training Trust Agreement, including, but not necessarily limited to all of the following records as has been determined by the Joint Delinquency Committee of the Carpenters Trust Funds to be relevant:

> (a) Contribution Return and Report of Wages – California (Form DE-3)

> (b) Contribution Returns and Report of Wages –Federal

> (c) Time Cards for all employees

> (d) Payroll Journal

> (e) Workers Compensation Reports

> (f) Individual Earnings Records

> (g) Forms W-2, W-4, 1096 and 1099

> (h) Trust Fund Reports for other trades

WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

4
PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

1     (i)  General check registers

2     (j)  Check stubs or vouchers

3     (k) Bank statements and cancelled checks

4     (l)  Job costs Records, copies of all contracts

5     (m)General Ledger, Cash Receipts Journal

6     (n) Individual, Corporate and/or Partnership Tax Returns

7     (o) Vendor's invoices

8     (p) Records of related entities

9     (q) Other books and records as may be necessary to conduct appropriate testing to assume the accuracy of records that have been reviewed.

10 (Arbitrator's Award, Docket No. 33-6.)

11     Furthermore, the Master Agreement gives the Trust Funds the right to conduct an audit of

12 Defendant's books and records:

13

14     Each individual employer upon request of the Union, the Employer, or any Trust Fund specified in this Agreement, shall permit the Trust Fund Auditors to review any and all records relevant to the enforcement of the provisions of this Agreement and to enter upon the premises of such individual employer during business hours at reasonable time or times to examine and copy such books, records, papers or reports of such individual employer as may be necessary to determine whether or not the individual employer is making full payment of all sums required by this Agreement.

15

16

17

18     . . .

19     Trustees of the Trust Funds specified in this Agreement are authorized to determine the appropriate formula to be applied to compute appropriate formula to be applied to compute appropriate Trust Fund contributions.  The individual employer shall be required to comply with such Trust Fund formula and make payments to the Trust Funds immediately upon being advised of the amount due.

20

21

22     Any legal action to compel audit entry shall be filed in the Superior Court of the City and County of San Francisco, State of California, or the United States District Court for the Northern District of California.

23

24     Any individual employer who refuses audit entry shall pay all legal fees and costs necessary for compliance of audit entry.

25

26 (Master Agreement at § 21, Docket No. 33-2.)

27     Where a collective bargaining agreement, as here, gives Trustees of an employee benefit plan

28

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

1  the right to audit an employer's books and records, it will be enforced. <u>Central States Southeast and</u>

2  <u>Southwest Areas Pension Fund v. Central Transport Inc</u>., 472 US 559 (1985) <u>Reh'g</u> <u>denied</u> 473 U.S.

3  926 (1985); <u>Santa Monica Culinary Welfare Fund v. Miramar Hotel Corp</u>, 920 F.2d 1491 (9th Cir.

4  1990), <u>cert</u>. <u>denied</u>, 501 U.S. 1232 (1991).  As such, the Court should require Defendant to submit to

5  an audit and to pay any amounts due and owing as a result.

6  **III.   <u>CONCLUSION</u>**

7        For the reasons stated above, Plaintiffs request that the Court enter judgment in their favor

8  confirming the arbitration award of April 11, 2007 for Grievance # 07-035, requiring Defendant to

9  pay outstanding trust fund contributions, as well as to submit to an audit and to pay Plaintiffs their

10  attorneys' fees and costs.

11  Dated:  May 26, 2009

12                                                  WEINBERG, ROGER & ROSENFELD

13                                                  A Professional Corporation

14                                                  By:  _____/s/_____

15                                                          KRISTINA M. ZINNEN

16

17

18

19

20

21

22

23

24

25

26

27

28

**WEINBERG, ROGER &
ROSENFELD**
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

6

PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC

## PROOF OF SERVICE
### (CCP 1013)

I am a citizen of the United States, and a resident of the State of California.  I am over the age of eighteen years, and not a party to the within action.  My business address is 1001 Marina Village Parkway, Suite 200, Alameda, California 94501-1091.  On May 26, 2009, I served upon the following parties in this action:

Acoustictec
2508 West Belmont
Fresno, CA  93728

copies of the document(s) described as:

**PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE**

**[X]     BY MAIL**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused each such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Alameda, California. I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

**[ ]     BY PERSONAL SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and caused the same to be delivered by hand to the offices of each addressee.

**[ ]     BY OVERNIGHT DELIVERY SERVICE**  I placed a true copy of each document listed herein in a sealed envelope, addressed as indicated herein, and placed the same for collection by Overnight Delivery Service by following the ordinary business practices of Weinberg, Roger & Rosenfeld, Alameda, California.  I am readily familiar with the practice of Weinberg, Roger & Rosenfeld for collection and processing of Overnight Delivery Service correspondence, said practice being that in the ordinary course of business, Overnight Delivery Service correspondence is deposited at the Overnight Delivery Service offices for next day delivery the same day as Overnight Delivery Service correspondence is placed for collection.

**[ ]     BY FACSIMILE**  I caused to be transmitted each document listed herein via the fax number(s) listed above or on the attached service list.

I certify that the above is true and correct.  Executed at Alameda, California, on May 26, 2009.

_/s/_____

Laureen D. Arnold

117540/532048

WEINBERG, ROGER &
ROSENFELD
A Professional Corporation
1001 Marina Village
Parkway, Suite 200
Alameda, CA  94501-1091

7

PLAINTIFFS' RESPONSE TO ORDER RE SUPPLEMENTAL BRIEFING AND EVIDENCE
Case No. C 08-01137-EMC